IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS (Kansas City)

| | |
|---|---|
| In Re: ) | |
| Mark H. Engen ) | Case No. 15-20184 |
| Maureen E. Engen ) | Chapter 13 |
| ) | |
| Debtors. ) | |

## OBJECTION TO CHAPTER 13 PLAN

COMES NOW BMO Harris Bank, N.A., successor by merger to M&I Bank, FSB (hereinafter "BMO") by and through its attorney of record, pursuant to 11 U.S.C. §1325 and respectfully objects to Debtors' Amended Chapter 13 Plan and in support thereof states as follows:

1. On February 4, 2015, debtors filed a joint petition for relief under Chapter 13 of the United States Bankruptcy Code. On May 4, 2015, debtors filed an Amended Chapter 13 Plan.

2. BMO holds a valid lien and security interest in the real property located at 7905 W. 96th Street, Overland Park, KS 66212 by virtue of a Balloon Note dated June 13, 2003, secured by a Mortgage as recorded on June 20, 2003, in Book 9125 at Page 505 as executed by Mark H. Engen and Maureen E. Engen in the original amount of $182,000.00 and has a current unpaid principal balance of $179,104.53. A copy of the Balloon Note, Mortgage and Assignment are attached hereto as Exhibit "A"

3. Debtors Amended Chapter 13 Plan lists the property to be paid through the plan at $165,757.00 with an estimated pre-petition arrearage amount. Further, the plan states this debt will be paid through the plan and at the completion of the term of the Plan, Debtors will resume monthly mortgage payments directly to the real property creditor pursuant to the terms of mortgage contract.

4. BMO objects to the treatment valuation of this property and the treatment in the Chapter 13 Plan. Pursuant to the terms of Note and Mortgage, this obligation fully matures on

July 1, 2018, and the full balance is due and payable no later than July 1, 2018. Therefore, the Note matures before the completion of the plan length. The plan treatment is not feasible as the total treatment set out is not sufficient to pay off the mortgage during the plan term. The Plan states that at the completion of the term of the Plan, Debtor will resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract. As stated, this is not possible because of the maturity date of the obligation.

WHEREFORE, BMO respectfully requests that the court deny confirmation of the debtors' Chapter 13 Bankruptcy Plan, and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

LEWIS RICE LLC

/s/ Sheldon R. Singer
Sheldon R Singer, #10915
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333 / Fax: (913) 642-8742
srsinger@lewisricekc.com
ATTORNEY FOR SECURED CREDITOR
BMO Harris Bank, N.A., successor by merger
To M&I Bank, FSB

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a copy of the Objection to Chapter 13 Plan was deposited in United States mail, postage prepaid, this 22nd day of May, 2015, to the following:

| | | |
|---|---|---|
| Mark H. Engen | Teresa M. Kidd | William H Griffin |
| Maureen E. Engen | 8700 Monrovia, Suite 310 | 5115 Roe Blvd., Suite 200 |
| 7905 W. 96th Street | Lenexa, KS 66215 | Roeland Park, KS 66205 |
| Overland Park, KS 66212 | Debtors' Attorney | Trustee |
| Debtors | | |

                                                  /s/ Sheldon R. Singer
                                                  Sheldon R. Singer
                                                  Attorney for Secured Creditor