IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | |
| MARK H. ENGEN ) | |
| MAUREEN E. ENGEN ) | |
| ) | |
| ) | |
| *Debtors.* ) | |
| ) | Bankruptcy Case No. 15-20184-13 |
| ) | |
| WILLIAM H. GRIFFIN ) | |
| ) | |
| *Chapter 13 Trustee,* ) | |
| v. ) | |
| ) | |
| MARK H. ENGEN ) | |
| MAUREEN E. ENGEN ) | |
| ) | |
| *Debtors.* ) | |

**DEBTORS' BRIEF IN SUPPORT OF SPECIAL-CLASS TREATMENT
OF STUDENT LOAN CLAIMS AND CONFIRMATION OF THE CHAPTER 13 PLAN**

Teresa M. Kidd, Kansas Bar #12166
8700 Monrovia, Suite 310
Lenexa, KS 66215
(913) 422-0610
tkidd@kc.rr.com

*Attorney for Debtors*

1

# **TABLE OF CONTENTS**

Page

TABLE OF CASES AND AUTHORITIES…………………………………………………..

    I.      STATEMENT OF JURISDICTION…………………………………………....

    II.     STATEMENT OF THE ISSUE PRESENTED…………………………………...

    III.    STATEMENT OF THE CASE AND FACTS RELEVANT TO THE CASE……

    IV.    SUMMARY OF ARGUMENT…………………………………………………..

    V.     ARGUMENT……………………………………………………………………

    VI.    CONCLUSION………………………………………………………………….

# TABLE OF CASES AND AUTHORITIES

**Supreme Court cases:**

**Tenth Circuit cases:**

**Other Circuit Cases:**

**District of Kansas Bankruptcy Cases:**

    *In Re Quincy Ray Stull*, Case No. 12-11696.

    *In Re Knowles*, 501B.R. 409, 415 (Bankr.D.Kan.2013).


# TABLE OF STATUTES

11 U.S.C. §1322(b)(1)

## I. STATEMENT OF JURISDICTION:

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L), and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1344(b).

## II. STATEMENT OF ISSUE PRESENTED:

The issue at hand is whether the Debtors' Amended Chapter 13 Plan (Doc.#25) providing for first payment of student loan debts results in unfair and discriminatory treatment of the other general unsecured creditors.

## III. STATEMENT OF THE CASE AND FACTS RELEVANT TO THE ISSUE:

Prior to filing their Chapter 13 case on February 4, 2015, debtors voluntarily enrolled in a debt management plan with an organization known as Money International (hereinafter, "MI"). The debtors paid a total of $79,445 to MI which was then in turn, distributed to debtors' unsecured debts. Absolutely none of the $79,445 went to the student loan creditors. See attached Exhibit A for totals paid and the separate support document filed with this brief. See attached Exhibit B for information on the default in debtors' student loan payments.

As a result of paying over $79,445 to their general unsecured creditors other than the debtors student loan debts, the debtors fell behind on their mortgage payment and reduced the withholding from their income, resulting in a priority tax claim in this case of more than $23,000. Not only did none of the $79,445 go to student loan creditors, no funds were paid to the mortgage or income tax debts.

Numerous plans in the Kansas City division of the Bankruptcy Court for the District of Kansas have been confirmed that provided for special class treatment of student loan debts. Clear precedent exists that the plan in the case be confirmed.

## IV. SUMMARY OF ARGUMENT:

The trustee contends that the debtors plan violates 11 U.S.C. §1322(b)(1) because it proposes to specially classify their student loans at the expense of the other general unsecured creditors. However, this argument must fail if we look at the total circumstances because the debtors paid $79,445 to these other general unsecured creditors when no payments were made on the student loan debt.

While debtors agree that their plan appears to discriminate against the other general unsecured creditors, this treatment is not forbidden by §1322(b)(1). Instead, §1322(b(1)

4

permits a chapter 13 plan to designate a class or classes of unsecured claims so long as the plan does not discriminate unfairly against any class so designated. *In Re Knowles*, 501B.R. 409, 415 (Bankr.D.Kan.2013).

The Trustee argues that the debtors' plan is "unfair". But because the Bankruptcy Code does not define what is unfair, it is left to the discretion of the bankruptcy courts. *In Re Knowles*, id. Each case can be looked at for its facts.

Nearly 80% of debtors unsecured debts were paid immediately prior to the filing of their bankruptcy case. A provision that calls for payment of approximately 45% to student loan creditors is not unfair when general unsecured creditors were paid 80%.

Furthermore, debtors were assessed with $7000 in collection costs because they did not pay the student loan debts during this time either. They only paid unsecured debts.

In fact, were debtors not permitted to designate the student loan debt as a special class and then provide that this class be paid, without interest, prior to the class of general unsecured creditors, student loan debts would be treated unfairly.

## V. ARGUMENT:

Chapter 13 allows debtors to propose plans that discriminate between holders of unsecured claims so long as the discrimination is not "unfair". This means that for appropriate reasons, debtors may propose to pay one unsecured claim on more favorable terms than another. See *In Re Quincy Ray Stull*, Case No. 12-11696.

Debtors in this case have very legitimate reasons for proposing to pay student loan debts first, before resuming their payments on remaining unsecured debt. The student loan debts suffered nonpayment while unsecured debts were paid more than $79,000.

Clearly, these debtors have very good cause for paying the student loans debts first, prior to any remaining general unsecured debt. This is not to condone the payment practice these debtors engaged in. But it does support an order of the Court finding that Debtors' plan is not discriminatory.

## VI. CONCLUSION:

11 U.S.C. § 1322(b)(1) prohibits only unfair discrimination. The Code does not define what "unfair discrimination" means. The debtors have established that the proposed treatment of the student loans is not unfair. If ever there was a case that should permit the special class of student loan debts be paid first, without interest, prior to payment of other general unsecured creditors, the plan the debtors have proposed could be that one case.

5

Prepared and submitted by:


*/s/     Teresa M. Kidd  _ ____*
Teresa M. Kidd, #12166
8700 Monrovia, Suite 310
Lenexa, KS 66215
(913) 422-0610
us
ATTORNEY FOR DEBTORS

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served upon all parties requesting electronic notice on this 12th day of October, 2015.

*/s/     Teresa M. Kidd  _ ____*
Teresa M. Kidd, #12166