IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

MARK H. ENGEN                                    Case No. 15-20184-rdb-13
MAUREEN E. ENGEN

     *Debtors.*

## MOTION TO APPROVE A PROPOSED DISTRIBUTION OF PROCEEDS FROM AN INHERITED 401(K) PLAN TO DEBTORS, AND FOR COMPENSATION

   **COME NOW** Debtors, by and through their attorney, David A. Reed, Esq., and move the Court pursuant to §105(a) of Title 11 for an order permitting Debtors to liquidate all or a portion of a 401(k) account recently inherited from Maureen Engen's father, in order to meet family expenses.

   **IN SUPPORT THEREOF** Debtors suggest to the Court as follows:

   1. Debtors filed their original petition for relief under Chapter 13 on February 4, 2015; to date, no plan has yet been confirmed, although payments are being made.

   2. Earlier this year, Maureen's father passed away, leaving an estate, including a 401(k) plan; pursuant to the participant's beneficiary designation, 10% or the exact sum of $73,269,34 was transferred to an account in the name of Maureen by the plan administrator, General Mills, the former employer of the late John J. Mahoney.

   3. Although Maureen became entitled outside the scope of § 541(a)(5), the inheritance is still presumably bankruptcy estate property under § 1306(a)(1) not otherwise subject to exemption, relying upon the District Court opinion from *In re Mosby*, Case No. 15-9153-JWL [2015 U.S. Dist. LEXIS 149505, October 15, 2015, which in turn takes its cue from the U.S. Supreme Court interpreting an analogous federal exemption statute in *Clark vs. Rameker*, 134 S. Ct. 2242

1

(2014)].

4.  Accordingly, a disposable income analysis under § 1325(b) appears to be unavoidable.

5.  Regardless, the Amended Form 122C filed on February 6, 2016 shows that Debtors have a *negative* monthly budget using the Means Test of $1,122.33 per month, or the equivalent of $67,339.80 over their 60-month ACP; this is largely due to the fact that Debtors are being forced to accelerate the rate at which they must pay their home mortgage, in order to stay ahead of an acceleration clause in their mortgage contract which would otherwise trigger during the same 60-month ACP.

6.  For above-median debtors, the result of the Means Test was intended to govern what, if any, disposable income debtors might have and thereby be required to pay into their plan [Ransom vs. FIA Card Services N.A., 131 S. Ct. 716, 178 L. Ed 2d 603 (2011)]; in this case, after adjusting for an estimated 10% tax penalty, there wouldn't be any.

7.  Debtors need the extra income from the inherited 401(k) to defray living expenses now being deferred by their rather substantial plan payment, as well as to assist in educational expenses while their children enroll in college at the University of Kansas at Lawrence.

8.  Attorney fees of $450.00 are requested for the prosecution of this motion, to be paid through the plan.

**WHEREFORE**, Debtors pray for an order allowing them to liquidate Maureen's inherited 401(k) and meet expenses during the balance of their 60-month ACP.

  /s/ David A. Reed
David A. Reed #14581 KS
DAVID A. REED & ASSOCIATES P.A.
7823 Parallel Parkway
Kansas City, KS 66112
(913) 342-7200
(913) 342-1001 fax

2

[BKLAW@swbell.net](mailto:BKLAW@swbell.net)
Attorney for Debtors

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing motion was mailed, postage prepaid, and addressed to the following on this 7th day of August, 2016: Debtors, William H. Griffin, Trustee, and all other interested parties per PACER.

    /s/ David A. Reed
David A. Reed #14581 KS